# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| **Carrington Mortgage Services, LLC** | CIVIL ACTION NO: |
| Plaintiff | COMPLAINT |
| vs. | RE:<br>7 Harding Street, Sanford, ME 04073 |
| **Joshua K. Veroneau a/k/a Joshua Veroneau** | Mortgage:<br>December 4, 2008 |
| Defendant | Book 15530, Page 272 |

NOW COMES the Plaintiff, Carrington Mortgage Services, LLC, by and through its attorneys, Doonan, Graves & Longoria, LLC, and hereby complains against the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, as follows:

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant 28 U.S.C. § 1332(a)(1) (Diversity) because the Plaintiff and Defendant are citizens of different states and the matter in controversy exceeds the sum or value of seventy-five thousand and 00/100 ($75,000.00) dollars, exclusive of interest and costs.  Any Court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought under 28 U.S.C. § 2201.

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because the object of this litigation is a Note executed under seal currently owned and held by Carrington Mortgage Services, LLC, in which the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is the obligor and the total amount owed under the terms of the Note is One Hundred Fifty Thousand One Hundred Thirty and 24/100 ($150,130.24) Dollars, plus

attorney fees and costs associated with the instant action; thus, the amount in controversy exceeds the jurisdictional threshold of seventy-five thousand ($75,000.00) dollars.

3. Venue is properly exercised pursuant to 28 U.S.C. §1391(b)(2) insofar as all or a substantial portion of the events that give rise to the Plaintiff's claims transpired in Maine and the property is located in Maine.

## PARTIES

4. Carrington Mortgage Services, LLC is a corporation with its principal place of business located at 1600 South Douglass Road, Suite 200-A, Anaheim, CA 92806.

5. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is a resident of Sanford, County of York and State of Maine.

## FACTS

6. On November 19, 2008, by virtue of a Warranty Deed from Adrienne A. Henry, which is recorded in the York County Registry of Deeds in **Book 15530, Page 270**, the property situated at 7 Harding Street, Sanford, County of York, and State of Maine, was conveyed to the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, being more particularly described by the attached legal description. *See* Exhibit A (a true and correct copy of the legal description is attached hereto and incorporated herein).

7. On December 4, 2008, the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $116,000.00. *See* Exhibit B (a true and correct copy of the Note is attached hereto and incorporated herein).

8. To secure said Note, on December 4, 2008, the Defendant executed a Mortgage Deed in favor of Mortgage Electronic Registration Systems, Inc., as nominee for Taylor, Bean & Whitaker Mortgage Corp., securing the property located at 7 Harding Street, Sanford, ME 04073, which Mortgage Deed is recorded in the York County Registry of Deeds in **Book 15530**, **Page 272**. *See* Exhibit C (a true and correct copy of the Mortgage is attached hereto and incorporated herein).

9. The Mortgage was then assigned to Bank of America, N.A., as successor by merger to BAC Home Loans Servicing, LP by virtue of an Assignment of Mortgage, dated August 10, 2011, and recorded in the York County Registry of Deeds in **Book 16148**, **Page 697**. *See* Exhibit D (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

10. On November 21, 2012, the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, executed a Loan Modification Agreement which increased the principal amount of the Note to $118,635.74, and said Loan Modification Agreement is recorded in the York County Registry of Deeds in **Book 16621**, **Page 447** (herein after referred to as the "Loan Modification"). *See* Exhibit E (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

11. The Mortgage was then assigned to Carrington Mortgage Services, LLC by virtue of an Assignment of Mortgage, dated November 5, 2014, and recorded in the York County Registry of Deeds in **Book 16924**, **Page 888**. *See* Exhibit F (a true and correct copy of the Assignment of Mortgage is attached hereto and incorporated herein).

12. The Mortgage was further assigned to Carrington Mortgage Services, LLC by virtue of a Quitclaim Assignment, dated August 11, 2015, and recorded in the York County Registry of

Deeds in **Book 17083**, **Page 396**.  *See* Exhibit G (a true and correct copy of the Quitclaim Assignment is attached hereto and incorporated herein).

13. On November 6, 2015, the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, executed a Loan Modification Agreement which increased the principal amount of the Note to $131,408.82, and said Loan Modification Agreement is recorded in the York County Registry of Deeds in **Book 17140**, **Page 78** (herein after referred to as the "Loan Modification").  *See* Exhibit H (a true and correct copy of the Loan Modification is attached hereto and incorporated herein).

14. On September 27, 2016, Carrington Mortgage Services, LLC recorded a Corrective Loan Modification Agreement with the intent to confirm and correct the Loan Modification Agreement executed by the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau on November 6, 2015, and recorded in the York County Registry of Deeds in **Book 17140**, **Page 78**, to reflect the correct notarization date, November 16, 2015, within the acknowledgment/notary clause as the Lender, Carrington Mortgage Services, LLC's acknowledgment/notary clause inadvertently listed the wrong notarization date of October 16, 2015, and said Corrective Loan Modification Agreement is recorded in the York County Registry of Deeds in **Book 17329**, **Page 162** (herein after referred to as the "Loan Modification").  *See* Exhibit I (a true and correct copy of the Corrective Loan Modification is attached hereto and incorporated herein)

15. On March 2, 2018, the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, executed a Home Affordable Modification Agreement which increased the principal amount of the Note to $146,644.25, and said Loan Modification Agreement is recorded in the York County Registry of Deeds in **Book 17681**, **Page 565** (herein after referred to as the "Loan

Modification"). *See* Exhibit J (a true and correct copy of the Loan Modification is attached hereto and incorporated herein)

16. On May 17, 2019, the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, was sent a Notice of Mortgagor's Right to Cure, as evidenced by the Certificate of Mailing (herein after referred to as the "Demand Letter"). *See* Exhibit K (a true and correct copy of the Demand Letter is attached hereto and incorporated herein).

17. The Demand Letter informed the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, of the payment due date, the total amount necessary to cure the default, and the deadline by which the default must be cured, which was thirty-five (35) days from receipt of the Demand Letter. *See* Exhibit K.

18. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, failed to cure the default prior to the expiration of the Demand Letter.

19. The Plaintiff, Carrington Mortgage Services, LLC, is the present holder of the Note pursuant to endorsement by the previous holder (if applicable), payment of value and physical possession of the Note in conformity with 11 M.R.S. § 3-1201, et seq., 10 M.R.S. § 9416, and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929).

20. The Plaintiff, Carrington Mortgage Services, LLC, is the lawful holder and owner of the Note and Mortgage.

21. The Plaintiff, Carrington Mortgage Services, LLC, hereby certifies that all steps mandated by law to provide notice to the mortgagor pursuant to 14 M.R.S.A. § 6111 were strictly performed.

22. The total debt owed under the Note and Mortgage as of August 29, 2019 is One Hundred Fifty Thousand One Hundred Thirty and 24/100 ($150,130.24) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $143,313.32 |
| Interest | $4,138.48 |
| Escrow Balance | $2,211.30 |
| Late Charges | $323.73 |
| Corporate Advance | $115.17 |
| Expense Advance | $20.00 |
| Unapplied/Suspense | $-16.76 |
| NSF/Speedpay Fee | $25.00 |
| Grand Total | $150,130.24 |

23. Upon information and belief, the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is presently in possession of the subject property originally secured by the Mortgage.

## COUNT I – FORECLOSURE

24. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 23 as if fully set forth herein.

25. This is an action for foreclosure respecting a real estate related Mortgage and title located at 7 Harding Street, Sanford, County of York, and State of Maine. *See* Exhibit A.

26. The Plaintiff, Carrington Mortgage Services, LLC, is the holder of the Note referenced in Paragraph 7 pursuant to endorsement by the previous holder (if applicable) and physical possession of the aforesaid Note in conformity with Title 11, section 3-1201, et seq. of the Maine Revised Statutes and *Simansky v. Clark*, 147 A. 205, 128 Me. 280 (1929). As such, Plaintiff, Carrington Mortgage Services, LLC, has the right to foreclosure upon the subject property.

27. The Plaintiff, Carrington Mortgage Services, LLC, is the current owner and investor of the aforesaid Mortgage and Note.

28. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is presently in default on said Mortgage and Note, having failed to make the monthly payment due February 1, 2019, and all subsequent payments, and, therefore, has breached the condition of the aforesaid Mortgage and Note.

29. The total debt owed under the Note and Mortgage as of August 29, 2019 is One Hundred Fifty Thousand One Hundred Thirty and 24/100 ($150,130.24) Dollars, which includes:

| Description | Amount |
| --- | --- |
| Principal Balance | $143,313.32 |
| Interest | $4,138.48 |
| Escrow Balance | $2,211.30 |
| Late Charges | $323.73 |
| Corporate Advance | $115.17 |
| Expense Advance | $20.00 |
| Unapplied/Suspense | $-16.76 |
| NSF/Speedpay Fee | $25.00 |
| Grand Total | $150,130.24 |

30. The record established through the York County Registry of Deeds indicates that there are no public utility easements recorded subsequent to the Mortgage and prior to the commencement of these proceedings affecting the mortgaged premises at issue herein.

31. By virtue of the Defendant's breach of condition, the Plaintiff hereby demands a foreclosure on said real estate.

32. Notice in conformity with 14 M.R.S.A. §6111 was sent to the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, on May 17, 2019, evidenced by the Certificate of Mailing. *See* Exhibit K.

33. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is not in the Military as evidenced by the attached Exhibit L.

## COUNT II – BREACH OF NOTE

34. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 33 as if fully set forth herein.

35. On December 4, 2008, the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, executed and delivered to Taylor, Bean & Whitaker Mortgage Corp. a certain Note in the amount of $116,000.00.  *See* Exhibit B.

36. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is in default for failure to properly tender the February 1, 2019 payment and all subsequent payments.  *See* Exhibit K.

37. The Plaintiff, Carrington Mortgage Services, LLC, is the proper holder of the Note and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau.

38. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, having failed to comply with the terms of the Note and Mortgage, is in breach of both the Note and the Mortgage.

39. The Defendant Joshua K. Veroneau a/k/a Joshua Veroneau's breach is knowing, willful, and continuing.

40. The Defendant Joshua K. Veroneau a/k/a Joshua Veroneau's breach has caused Plaintiff Carrington Mortgage Services, LLC to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

41. The total debt owed under the Note and Mortgage as of August 29, 2019, if no payments are made, is One Hundred Fifty Thousand One Hundred Thirty and 24/100 ($150,130.24) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $143,313.32 |
| Interest | $4,138.48 |
| Escrow Balance | $2,211.30 |
| Late Charges | $323.73 |
| Corporate Advance | $115.17 |
| Expense Advance | $20.00 |
| Unapplied/Suspense | $-16.76 |
| NSF/Speedpay Fee | $25.00 |
| Grand Total | $150,130.24 |

42. Injustice can only be avoided by awarding damages for the total amount owed under the Note including interest, plus costs and expenses, including attorney fees.

## COUNT III – BREACH OF CONTRACT, MONEY HAD AND RECEIVED

43. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 42 as if fully set forth herein.

44. By executing, under seal, and delivering the Note, the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, entered into a written contract with Taylor, Bean & Whitaker Mortgage Corp. who agreed to loan the amount of $116,000.00 to the Defendant. *See* Exhibit B.

45. As part of this contract and transaction, the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, executed the Mortgage to secure the Note and the subject property. *See* Exhibit C.

46. The Plaintiff, Carrington Mortgage Services, LLC, is the proper holder of the Note and successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp., and has performed its obligations under the Note and Mortgage.

47. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, breached the terms of the Note and Mortgage by failing to properly tender the February 1, 2019 payment and all subsequent payments. *See* Exhibit K.

48. The Plaintiff, Carrington Mortgage Services, LLC, is the proper holder of the Note, and is entitled to enforce the terms and conditions of the Note due to its breach by the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau.

49. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, having failed to comply with the terms of the Note and Mortgage, is in breach of contract.

50. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is indebted to Carrington Mortgage Services, LLC in the sum of One Hundred Fifty Thousand One Hundred Thirty and 24/100 ($150,130.24) Dollars, for money lent by the Plaintiff, Carrington Mortgage Services, LLC, to the Defendant.

51. Defendant Joshua K. Veroneau a/k/a Joshua Veroneau's breach is knowing, willful, and continuing.

52. Defendant Joshua K. Veroneau a/k/a Joshua Veroneau's breach has caused Plaintiff, Carrington Mortgage Services, LLC, to suffer actual damages, including, but not limited to money lent, interest, expectancy damages, as well as attorney's fees and costs.

53. The total debt owed under the Note and Mortgage as of August 29, 2019, if no payments are made, is One Hundred Fifty Thousand One Hundred Thirty and 24/100 ($150,130.24) Dollars, which includes:

| Description | Amount |
|---|---|
| Principal Balance | $143,313.32 |
| Interest | $4,138.48 |
| Escrow Balance | $2,211.30 |
| Late Charges | $323.73 |
| Corporate Advance | $115.17 |
| Expense Advance | $20.00 |
| Unapplied/Suspense | $-16.76 |
| NSF/Speedpay Fee | $25.00 |
| Grand Total | $150,130.24 |

54. Injustice can only be avoided by awarding damages for the total amount owed under the Note and Mortgage, and for money had and received, including interest, plus costs and expenses, including attorney fees.

## COUNT IV – QUANTUM MERUIT

55. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 54 as if fully set forth herein.

56. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Carrington Mortgage Services, LLC, loaned Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, $116,000.00. *See* Exhibit B.

57. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is in default for failure to properly tender the February 1, 2019 payment and all subsequent payments. *See* Exhibit K.

58. As a result of the Defendant Joshua K. Veroneau a/k/a Joshua Veroneau's failure to perform under the terms of their obligation, the Defendant, should be required to compensate the Plaintiff, Carrington Mortgage Services, LLC.

59. As such, the Plaintiff, Carrington Mortgage Services, LLC, is entitled to relief under the doctrine of *quantum meruit*.

## COUNT V – UNJUST ENRICHMENT

60. The Plaintiff, Carrington Mortgage Services, LLC, repeats and re-alleges paragraphs 1 through 59 as if fully set forth herein.

61. Taylor, Bean & Whitaker Mortgage Corp., predecessor-in-interest to Carrington Mortgage Services, LLC, loaned the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, $116,000.00. *See* Exhibit B.

62. The Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, has failed to repay the loan obligation.

63. As a result, the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, has been unjustly enriched to the detriment of the Plaintiff, Carrington Mortgage Services, LLC as successor-in-interest to Taylor, Bean & Whitaker Mortgage Corp. by having received the aforesaid benefits and money and not repaying said benefits and money.

64. As such, the Plaintiff, Carrington Mortgage Services, LLC, is entitled to relief.

## PRAYERS FOR RELIEF

WHEREFORE, the Plaintiff, Carrington Mortgage Services, LLC, prays this Honorable Court:

a) Issue a judgment of foreclosure in conformity with Title 14 § 6322;

b) Grant possession to the Plaintiff, Carrington Mortgage Services, LLC, upon the expiration of the period of redemption;

c) Find that the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is in breach of the Note by failing to make payment due as of February 1, 2019, and all subsequent payments;

d) Find that the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is in breach of the Mortgage by failing to make payment due as of February 1, 2019, and all subsequent payments;

e) Find that the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, entered into a contract for a sum certain in exchange for a security interest in the subject property;

f) Find that the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is in breach of contract by failing to comply with the terms and conditions of the Note and Mortgage by failing to make the payment due February 1, 2019 and all subsequent payments;

g) Find that the Plaintiff, Carrington Mortgage Services, LLC, is entitled to enforce the terms and conditions of the Note and Mortgage;

h) Find that by virtue of the money retained by the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau has been unjustly enriched at the Plaintiff's expense;

i) Find that such unjust enrichment entitles the Plaintiff, Carrington Mortgage Services, LLC, to restitution;

j) Find that the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is liable to the Plaintiff, Carrington Mortgage Services, LLC, for money had and received;

k) Find that the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, is liable to the Plaintiff for *quantum meruit*;

l) Find that the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, has appreciated and retained the benefit of the Mortgage and the subject property;

m) Find that it would be inequitable for the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, to continue to appreciate and retain the benefit of the Mortgage, Note and subject property without recompensing the appropriate value;

n) Find that the Plaintiff, Carrington Mortgage Services, LLC, is entitled to restitution for this benefit from the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau;

o) Determine the amount due on said Mortgage and Note, including principal, interest, reasonable attorney's fees and court costs;

p) Additionally, issue a money judgment against the Defendant, Joshua K. Veroneau a/k/a Joshua Veroneau, and in favor of the Plaintiff, Carrington Mortgage Services, LLC, in the amount of One Hundred Fifty Thousand One Hundred Thirty and 24/100 ($150,130.24 Dollars, the total debt owed under the Note plus interest and costs including attorney's fees and costs;

q) For such other and further relief as this Honorable Court deems just and equitable.

Respectfully Submitted,
Carrington Mortgage Services, LLC,
By its attorneys,

Dated: August 12, 2019

/s/ Reneau J. Longoria, Esq.
/s/ John A. Doonan, Esq.
John A. Doonan, Esq., Bar No. 3250
Reneau J. Longoria, Esq., Bar No. 5746
Attorneys for Plaintiff
Doonan, Graves & Longoria, LLC
100 Cummings Center, Suite 225D
Beverly, MA 01915
(978) 921-2670
JAD@dgandl.com
RJL@dgandl.com